Filed 12/8/15  P. v. Tatmon CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL TATMON,<br><br>        Defendant and Appellant. | A143914<br><br>(Alameda County<br>Super. Ct. No. C146926A) |

Mitchell Tatmon appeals from the superior court's denial of his petition for recall of sentence, which he brought pursuant to the Three Strikes Reform Act of 2012 (Act). His court-appointed counsel initially filed a brief raising no legal issues and requesting that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant was informed of his right to file a supplemental brief and did not do so.  While this matter was pending, our Supreme Court issued *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*).  Its holding contradicted the reasoning employed by the superior court to deny defendant's petition.  We asked for and received supplemental briefing regarding *Johnson* from defendant, via his counsel, and the People.

Upon our independent review of the record pursuant to *Wende* and our review of the parties' supplemental briefs, we conclude there are no arguable appellate issues for our review and affirm the superior court's order.

**BACKGROUND**

On September 23, 2014, defendant filed his petition with the Alameda County Superior Court.  He argued that he was eligible for resentencing under the Act, which

1

was passed by California's voters as Proposition 36 and codified as Penal Code section 1170.126.[1] The Act permits resentencing for inmates serving certain indeterminate terms of imprisonment "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

In the written order appealed from here, the superior court summarized defendant's convictions as follows: "A first amended information charged [defendant] with carjacking (count 1; § 215, subd. (a)), second degree commercial burglary (count 2; § 459), false imprisonment by violence (count 3, § 236), and second degree robbery (count 4, § 211), with special allegations of personal use of a knife on the first three counts (§ 12022, subd. (b) (1)). [¶] A jury sustained each charge and special allegation. [Defendant] then waived his rights and admitted numerous alleged prior convictions, including several strikes on each count (§ 667, subd. (e) (2) (A)), § 1170.12, subd. (c) (2) (A)). The trial court sentenced him, under the Three Strikes Law, to an aggregate term of 93 years to life in prison, the main component being 75 years to life for three consecutive Three Strike terms (on counts two, three and four)." The parties do not dispute the accuracy of the superior court's summary.[2]

Given these convictions, the superior court denied defendant's petition pursuant to *People v. Anthony* (2014) 230 Cal.App.4th 1176 (*Anthony*). *Anthony* held that the Act cannot be applied to reduce a Three Strikes sentence when any one of the Three Strikes offenses underlying the sentence is a serious or violent felony. The superior court, applying *Anthony*'s holding to the present case, correctly concluded that "any robbery" is defined to be a violent felony pursuant to section 667.5, subd. (c)(9), one of the statutes that defines "serious or violent felonies" under the Act. (§ 1170.126, subd. (e)(1).) The

---

[1] All statutory references are to the Penal Code.

[2] The People request that we take judicial notice of the record of defendant's prior appeal, *People v. Tatmon*, case number A109381, and argue that defendant in his supplemental brief has done the same by implication. We deny this request as unnecessary in light of the superior court's undisputed summary of defendant's convictions.

2

court further determined that, although defendant was also serving his Three Strikes sentence pursuant to his second degree burglary and false imprisonment by violence convictions, these did not fall within the definitions of violent or serious felonies under the Act. However, the court concluded, since "one of the felonies for which [defendant] is serving the Three Strike sentence is a violent felony, he is ineligible for resentencing. The fact that the remaining two felonies for which he is serving Three Strike sentences are not serious or violent is irrelevant."

After the superior court's ruling, our Supreme Court ordered *Anthony* not to be published in *People v. Anthony* (Jan. 28, 2015, S223226) 2015 Cal. LEXIS 583. The court later issued *Johnson*, in which it held "that when a court resentences a third strike defendant . . . the presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." (*Johnson*, *supra*, 61 Cal.4th at p. 679.) This directly contradicts *Anthony* and the superior court's reason for denying defendant's petition.

## DISCUSSION

Defendant's appointed counsel initially did not identify any arguable appellate issues for our review. In her supplemental briefing on behalf of defendant, she argues that "[i]n this pre-*Johnson* case, the court did not evaluate [defendant's] eligibility for resentencing on a count-by-count basis. [¶] Therefore, under *Johnson*, this court may remand the matter to the lower court to fashion a sentence that complies with the Supreme Court's holding."

In their supplemental brief, the People argue that the superior court correctly denied defendant's petition, regardless of its reasoning, because defendant remains ineligible for resentencing under *Johnson*, since *all* of his Three Strike convictions are for serious felonies. That is, as the superior court concluded, defendant's robbery conviction is statutorily defined to be a violent felony. (See § 667.5, subd. (c)(9).) But, while the superior court was correct that neither of defendant's other two convictions—for commercial burglary and false imprisonment—is classified by itself as a serious or

3

violent felony,[3] the court overlooked that each becomes a serious felony when it is accompanied by a finding that the defendant personally used a deadly or dangerous weapon. (§ 1192.7, subd. (c)(23) [a serious felony includes "any felony in which the defendant personally used a dangerous or deadly weapon"].) The superior court's summary of defendant's convictions includes that the jury sustained "special allegations of personal use of a knife on the first three counts." These counts include commercial burglary (count two) and false imprisonment by violence (count three).[4] Therefore, the People argue, all of appellant's felony convictions were for serious or violent felonies and the superior court's denial of defendant's petition should be affirmed.

The People are correct. Defendant's Three Strikes convictions are for felonies that either are categorically violent or are classified as serious by dint of the jury's finding that appellant personally used a dangerous or deadly weapon in their commission. Therefore, the superior court correctly ruled that he was not eligible for resentencing at all under Section 1170.126. Regardless of the court's reasoning, its ruling is correct and, therefore, must be affirmed. " 'No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)

---

[3] It would appear that "false imprisonment *by violence*" is by definition a violent felony, but it is not defined as such by subdivision (c) of section 667.5 or subdivision (c) of section 1192.7 and, therefore, is not to be considered as a felony eligible for resentencing under the Act. (§ 1170.126, subd. (e)(1).)

[4] It almost goes without saying that a knife is a "dangerous or deadly weapon." (See, e.g., *People v. Solis* (2015) 232 Cal.App.4th 1108, 1121 fn. 5 [defendant's use of a deadly weapon, a knife, made his crime a serious felony] .)

## DISPOSITION

We conclude based on our independent review pursuant to *Wende* and our review of the parties' supplemental briefs that there are no arguable appellate issues for our review. The judgment is affirmed.

_____
STEWART, J.

We concur.

_____
KLINE, P.J.

_____
MILLER, J.